UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

TingTing WU,

        Petitioner,

v.                                                          Civil Action No.

Kristi Noem, Secretary of the Department of Homeland
Security, Angelica Alfonso-Royals, Acting Director of the
U.S. Citizenship and Immigration Services, Ted H. Kim,
Associate Director Refugee, Asylum and International
Operations Directorate for the U.S. Citizenship and Immigration
Services, and Patricia A. Menges, Director of the New York
Asylum Office of U. S. Citizenship and Immigration Services,

        Respondents.

---------------------------------------------------------------X

**PETITION FOR WRIT OF MANDAMUS**

Petitioner, by his attorneys, complaining of Respondents, allege as follows:

1. Petitioner, TingTing Wu, Alien Registration Number A216-327-442, is a native of the People's Republic of China ("China"). Petitioner requests issuance of a writ of mandamus and/or an order to compel under the Administrative Procedure Act ("APA") ordering Respondents to adjudicate Petitioner's Form I-589, Application for Asylum and for Withholding of Removal which was received and pending as of May 16, 2017 (the "Asylum Application") and which has still not been adjudicated

for more than 8 years after it was filed. She resides at 12 Pell Street, Apt. 3C, New York, NY 10013.

2. Respondent, Kristi Noem, is the Secretary of the Department of Homeland Security, the agency charged with adjudicating applications for asylum. It has the obligation to adjudicate Petitioner's Asylum Application.

3. Respondent, Angelica Alfonso-Royals, is the Acting Director of the U.S. Citizenship and Immigration Services, the Agency charged with adjudicating Petitioner's Asylum Application.

4. Respondent, Ted H. Kim, Associate Director Refugee, Asylum and International Operations Directorate for the U.S. Citizenship and Immigration Services. He has supervision of all USCIS staff who review asylum applications to ensure that immigration benefits are not granted to individuals who pose a threat to national security or public safety, or who seek to defraud the immigration system.

5. Respondent, Patricia A. Menges, is the Director of the New York Asylum Office of U. S. Citizenship and Immigration Services. She is charged with adjudicating Petitioner's Asylum Application.

6. All Respondents are sued herein in their official capacities.

## JURISDICTION

7. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651 because Petitioner asks this Court to compel Respondents, officers of the United States, to perform a duty owed under 8 U.S.C. § 1158(d)(5)(A)(iii).

Jurisdiction is also conferred on this Court pursuant to 5 U.S.C. § 704 as Petitioner is aggrieved by adverse agency action which this Court is authorized to remedy under the Administrative Procedures Act, 5 U.S.C. §§ 702 et seq. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§ 2201-02 which authorizes the issuance a declaratory judgment.

## VENUE

8. Venue properly lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(e) and 28 U.S.C. 1402(b) because the United States government is a Respondent, the cause of action arises in this judicial district, and the Petitioner resides in this judicial district.

## ADMINISTRATIVE PROCEDURE ACT FRAMEWORK

9. Under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), the Court is authorized to compel agency action which has been unreasonably delayed.

10. Assessing reasonableness is frequently found to involve a balancing test, in which a statutory requirement is a very substantial factor. See *Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d, 70, 77-78 (D.C. Cir. 1984).

11. The APA also provides pursuant to 5 U.S.C. § 706(1) that courts "shall compel agency action unlawfully withheld." Courts have held that this provision eliminates court discretion to grant relief once an agency has violated a statutory deadline as is the situation here. *See Forrest Guardians v. Babbit*, 174 F.3d 1178 (10th Cir. 1998); see also *Biodiversity*

*Legal Foundation v. Badgley*, 309 F.3d 1166, 1178 (9th Cir. 2002) (noting that when "Congress has specifically provided a deadline for performance … no balancing of factors is required or permitted").

12. Petitioner TinTing Wu has a statutory right to apply for asylum and to be considered for that relief pursuant to 8 U.S.C. § 1158(a).

13. Respondents generally have a statutory duty to adjudicate asylum requests within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

14. Petitioner has no adequate remedy at law and will suffer irreparable harm if their Asylum Application is not promptly adjudicated.

## MANDAMUS FRAMEWORK

15. Petitioner, TingTing Wu, has a statutory right to apply for asylum and to be considered for that relief pursuant to 8 U.S.C. § 1158(a).

16. Respondents generally have a statutory duty to adjudicate asylum requests within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

17. Petitioner has no adequate remedy at law and will suffer irreparable harm if their Asylum Application is not promptly adjudicated.

18. Pursuant to 28 U.S.C. § 1361, this Court has "original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [Petitioner.]"

19. Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction [] and agreeable to the usages and principles of law."

## STATEMENT OF FACTS

20. TingTing Wu is a native and citizen of China who filed an Asylum Application on or about May 16, 2017. Respondents acknowledged receipt of the Asylum Application with receipt number ZNY1700128520, dated May 23, 2017. *See* **Exhibit A**.

21. After years of silence regarding the Asylum Application, Ms. Wu and counsel filed many status requests.

22. This delay is causing irreparable harm to Ms. Wu, who is not able to commence her life in the United States without fear of potentially returning to China, a country where she likely would be persecuted.

23. Respondents' delay, actions, and omissions in this case are unreasonable.

24. Respondents, in violation of law, are unlawfully withholding or unreasonably delaying action on Petitioner's Asylum Application and have failed to carry out the adjudicative and administrative functions delegated to them by law with regard to Petitioner' Asylum Application.

25. The duty owed to Petitioner is ministerial and so plainly prescribed as to be free from doubt.

26. No other adequate remedy is available.

27. Petitioner have been greatly damaged by the failure of Respondents to act in accord with their duties under the law.

## COUNT ONE

## (ADMINISTRATIVE PROCEDURES ACT)

28. Petitioner repeats and realleges paragraphs 1 through 27 as if fully set forth herein and incorporates them by reference.

29. Respondents have unreasonably delayed adjudication of Petitioner's Asylum Application, despite a clear statutory deadline requiring them to adjudicate it within 180 days.

30. No adequate remedy exists at law.

31. Petitioner will suffer and is suffering irreparable harm from the delay in adjudicating her case.

32. This delay is unreasonable and leaves Petitioner without an adequate remedy.

33. Petitioner seeks a court order compelling Respondents to adjudicate their Asylum Application pursuant to 5 U.S.C. § 706(1).

## COUNT TWO

## (MANDAMUS)

34. Petitioner repeats and realleges paragraphs 1 through 27 as if fully set forth herein and incorporates them by reference.

35. Pursuant to 28 U.S.C. § 1361, this Court may compel an officer or employee of the United States to perform a duty owed to the Petitioner. See *Burnett v. Tolson*, 474 F.2d 877, 880 (4th Cir. 1973).

36. Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction [] and agreeable to the usages and principles of law."

37. Petitioner TingTing Wu has a right to apply for asylum and to receive a timely decision on their Asylum Application.

38. Respondents owe Ms. Wu the duty to adjudicate her Asylum Application within 180 days pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

39. No adequate remedy exists at law, for the reasons set forth above. Further, Petitioner will suffer irreparable harm from the delays in adjudicating her case.

40. This delay is unreasonable and leaves Petitioner without an adequate remedy.

41. Petitioner seeks a writ of mandamus or in the nature of mandamus to end Respondents unreasonable delay and refusal to adjudicate Petitioner's Asylum Application.

WHEREFORE, Petitioner requests that this Court:

a. Accept jurisdiction and maintain continuing jurisdiction of this action;

b. Declare Respondents actions in this matter as arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(1) and 28 U.S.C. §§ 2201-02;

c. Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Respondents to make a determination on Petitioner' I-589, Application for Asylum and Withholding of Removal;

d. Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling to Respondents to make a determination on Petitioner' I-589, Application for Asylum and Withholding of Removal;

e. Grant such other relief as the Court deems necessary and proper.

Date: June 10, 2025

<u>s/James A. Lombardi</u>
James A. Lombardi, Esq.
Law Office of James A. Lombardi, P.C.
325 Broadway, Suite 503
New York, NY 10007
(212) 577-2233
Email: Jamaesalombardi@gmail.com

# EXHIBIT A

```
FROM:  US DEPT OF HOMELAND SECURITY
       US CITIZENSHIP & IMMIGRATION SVCS
       1065 STEWART AVE
       SUITE 200
       BETHPAGE, NY  11714
```

```
NAME: TINGTING WU                                          DATE:  5/23/17
A-NUMBER: 216327442  RCPT#: ZNY1700128520                  FORM:  I-589
              *** ACKNOWLEDGEMENT OF RECEIPT ***
   Your complete Form I-589 asylum application was received and is pending
as of 5/16/17.  You may remain in the U.S. until your asylum application
is decided.  If you wish to leave while your application is pending, you
must obtain advance parole from USCIS.  If you change your address, send
written notification of the change within 10 days to the above address.
You will receive a notice informing you when you and those listed on your
application as a spouse or dependents must appear for an asylum interview.
Bring to the interview 3 copies of documentary evidence of your
relationship to those family members.
```

```
TO:  JAMES LOMBARDI
     C/O LAW OFFICE OF JAMES A LOMBARDI
     325 BROADWAY STE 503

     NEW YORK, NY  10007
```